**Order filed April 30, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00101-CV

_____

## CLAYTON MOUNTAIN DEVELOPMENT, LLC AND MICHAEL RUFF, IN HIS CAPACITY AS TRUSTEE OF THE MAR LIVING TRUST, Appellants

## V.

## SUZANN RUFF, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. C46164-2**

### O R D E R

Suzann Ruff sued her son Michael A. Ruff and numerous entities in which her son was involved. That lawsuit has already spawned several separate proceedings in this court. The appeal before us now stems from a September 29, 2019 judgment against Clayton Mountain Development, LLC. In that judgment, the trial court declared that Suzann Ruff is now the sole member of Clayton Mountain

Development, LLC, and it also determined that certain deeds and an assignment of developer's rights were null and void. The judgment reflects that Clayton Mountain Development, LLC was a party to one of the deeds and that MAR Living Trust was a party to all of the voided instruments. The trial court subsequently entered an order of severance in which it granted Suzann Ruff's motion to sever and ordered that "**all claims by Suzann Ruff against Clayton Mountain Development LLC are severed** from this action and made the subject of a separation action styled *Suzann Ruff v. Clayton Mountain Development LLC*, having docket number C46164-2" (emphasis added). This appeal was perfected after the order of severance was entered.

When the appeal was docketed in this court, we sent a letter to the parties to express this court's concern that a final judgment had not been entered yet because it appeared to this court that the trial court had not disposed of all of the claims between Clayton Mountain Development, LLC and Suzann Ruff. We requested that Clayton Mountain Development, LLC provide this court with documents that establish that all claims between it and Suzann Ruff have been finally disposed. We sent a similar letter when Michael Ruff, in his capacity as trustee of the MAR Living Trust, filed a notice of appeal.

Appellants have filed a response to this court's letter. In their response, Appellants indicate that they filed the notices of appeal out of an abundance of caution even though they have the same concern as this court does about the finality of the judgment. Appellants agree that the judgment fails to dispose of all claims between the parties, but they note that "the express purpose of the motion to sever, which was ultimately granted by the trial court, was to attempt to make the [September 29, 2019] judgment final and appealable." Appellants point to various pending claims not only between Suzann Ruff and MAR Living Trust but also between Suzann Ruff and Clayton Mountain Development, LLC.

Appellants also provided this court with a copy of Suzann Ruff's motion to sever. In the motion, Suzann Ruff expressed a desire to have "every aspect of the litigation resolved as soon as possible" and complained of Mike Ruff's tactics to delay the lawsuit. In the motion to sever, Suzann Ruff specifically requested that "the September 29, 2019 Judgment as to Clayton Mountain Development LLC be severed such that it is final and appealable at this time. Mike will no doubt appeal. He always does. Severance will move the process along with greater speed and minimize the harm to Suzy." While severance orders often do "move the process along" and make a previously interlocutory order final and appealable, the severance order in this cause seems to muddy the waters even further. The order severed out *all claims* asserted by Suzann Ruff against Clayton Mountain Development, LLC. The order did not sever only those claims at issue in the September 29 judgment, nor did it mention MAR Living Trust.

The September 29, 2019 judgment, in conjunction with the severance order, is not a final, appealable order. Neither "clearly and unequivocally states that it finally disposes of all claims" between the parties at issue here. *See Bella Palma, LLC v. Young*, No. 19-0204, 2020 WL 1898543, at *2 (Tex. April 17, 2020) (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001)). Nor does either actually dispose of every pending claim between the parties at issue here. *See id.* However, because we are uncertain about the intent of the trial court to enter a final judgment when it granted Suzann Ruff's motion to sever, we abate this appeal so that the trial court may clarify its order. *See id.*; *Lehmann*, 39 S.W.3d at 206. We note that Rule 27.2 of the Texas Rules of Appellate Procedure permits the abatement of an appeal to allow the parties to obtain a final order or judgment.

We abate the appeal and remand the cause to the trial court so that the trial court may clarify its intent with regard to finality and so that the parties may obtain orders disposing of the claims between the parties at issue in this appeal. The trial

3

court is directed to enter a clarifying order and to have it forwarded to the clerk of this court on or before June 29, 2020. The parties are ordered to notify this court immediately if, in the meantime, a final and appealable order is entered.

The appeal is abated. This court will consider an appropriate motion to reinstate the appeal filed by any of the parties, or this court may reinstate the appeal on its own motion upon receipt of the trial court's clarifying order or a final, appealable order.

PER CURIAM

April 30, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.